**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROSCHEEM GRAY,

                        Plaintiff,

        - v -                             Civ. No. 1:16-CV-1239
                                          (GTS/DJS)

VILLAGE OF RAVENA; COEYMAN'S POLICE DEP'T;
GREGORY DARLINGTON, *Coeyman's Chief of Police*;
RYAN JOHNSON, *Senior Investigator*; JERRY DELUCA,
*Senior Investigator*; P.O. RYAN CROSS, *Police Officer*;
P.O. JOHN OR JANE DOES, *Coeyman's Police Officers*,

                        Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

ROSCHEEM GRAY
Plaintiff, *Pro Se*
15-A-2033
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, New York 14716

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil rights Complaint filed by *pro se* Plaintiff Roscheem Gray, who is presently incarcerated in the Lakeview Shock Incarceration Correctional Facility. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, dated December 16, 2016, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

# I. DISCUSSION

## A. Standard of Review

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte*, review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Allegations in the Complaint

The following facts, which in accordance with the above are taken as true, are contained in the Complaint.

On October 11, 2013, Defendant Officer Cross, of the Defendant Coeyman's Police Department, initiated a traffic stop of the vehicle being operated by Desember Busch. Compl. at ¶ 9. Defendant Senior Investigator Ryan Johnson arrived on the scene. *Id*. at ¶ 10. Busch, who was

discovered to have been operating the vehicle with a suspended license, was ordered by Defendant Johnson to exit the vehicle and empty her pockets; two prescription pills were found on her person. *Id*. at ¶¶ 11-13. Busch was handcuffed, placed in the police car, and brought back to her apartment which she shares with Plaintiff. *Id*. at ¶¶ 14-15. Upon arrival, the handcuffs were removed and the Defendants followed Busch into the apartment where it was revealed that Busch did not have a valid prescription for the two pills. *Id*. at ¶¶ 16-18. Busch, under apparent duress, consented to the Defendant Officers searching the apartment; through this "warrantless" search a digital scale and cocaine was discovered and Busch was taken to the Coeyman's police station. *Id*. at ¶¶ 19-25.

A field test concluded that the narcotic found at the apartment was cocaine, and Defendant Johnson sought a search warrant from Village of Ravena Jduge Werner, which was issued. *Id*. at ¶¶ 26-28 & Exs. B, C, & D. Defendant Johnson returned to Plaintiff's apartment with Defendant Senior Investigator Jerry Deluca and seized items. *Id*. at ¶ 29. Around that same time, Plaintiff was detained at the James T. Foley Courthouse in Albany, New York, by the U.S. Marshals at the request of the Coeyman's Police Department. *Id*. at ¶ 30. In light of this allegation contained in the Complaint, the Court takes judicial notice[1] of the fact that Plaintiff was convicted, upon his guilty plea, in this Court of conspiracy to possess and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841. *United States v. Gray*, Crim. No. 1:02-CR-375 (TJM). He was sentenced to 120 months of imprisonment followed by five years of supervised release. *Id*. at Dkt. Nos. 95 & 124. Gray's five-year supervised release term began on September 11, 2010, and

---

[1] In assessing the validity of a Complaint, the Court is permitted to take judicial notice of facts that are not subject to reasonable dispute, such as documents filed on a court's docket. *Marcus v. AT & T Corp.*, 938 F. Supp. 1158, 1164-65 (S.D.N.Y. 1996) (court may take judicial notice of public documents even if not included in or attached to complaint); *Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 157 (1969) (taking judicial notice of related cases between same parties); *see also* FED. R. EVID. 201.

continued to be under that supervision at the time of his arrest on October 11, 2013. *Id*. at Dkt. No. 127. Plaintiff was charged in State court with criminal possession of a controlled substance in the third degree with an intent to sell (a B Felony), and was concomitantly charged in this Court with violating the conditions of his supervised release. *Id*.

According to the civil Complaint currently under review, Plaintiff was transported to the Coeyman's Police Department without an arrest warrant and without his consent. Compl. at ¶ 31. At that time, Defendant Chief of Police Gregory Darlington seized Plaintiff's car keys and car, a 2007 Acura TL, as well as personal property that was in the car, including Plaintiff's wallet, identification, credit cards, photos, paycheck, and cell phone. *Id*. at ¶ 32, 39, & 40. Plaintiff was never informed that the car that Ms. Busch was operating, a 2006 Honda Accord, had been towed, nor was he advised as to the location of that vehicle. *Id*. at ¶¶ 44 & 45. Plaintiff did not receive receipts or vouchers for the property seized and his request for the return of his personal property was denied and he was not advised as to the procedure he should follow to seek their return. *Id*. at ¶¶ 41-43.

Within the Complaint, Plaintiff details various facts surrounding the State court litigation and the evidence procured therein. *Id*. at ¶¶ 46-81. Eventually, on August 4, 2014, Plaintiff decided to plead guilty,[2] notwithstanding the "misconduct of the Coeyman's Police Department, for their manufacturing of false admission, withholding of BRADY material, and other favorable evidence, and Sr. Inv. Johnson's willingness to commit perjury under oath." *Id*. at ¶ 82.

On August 23, 2014, Plaintiff's public defender wrote a letter on his behalf seeking the return

---

[2] According to the New York State Department of Corrections and Community Supervision ("DOCCS") Inmate Locator website, Plaintiff was committed to DOCCS custody on May 19, 2015, for the crime of criminal possession of a controlled substance in the third (a class B felony), and was serving a term of six years. *See* http://nysdoccslookup.doccs.ny.gov (information obtained for DIN 15-A-2033) (last visited December 15, 2016).

of her personal property, namely the two cars and his other personal effects, to his family members. *Id*. at ¶ 83 & Ex. I. On February 2, 2015, Plaintiff wrote a letter asking for the return of his personal effects. *Id*. at ¶ 84 & Ex. J. To date, the Coeyman's Police Department has not returned Plaintiff's property to him. *Id*. at ¶ 90.

### C. Analysis

Gray brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

By his Complaint, Mr. Gray asserts that the searches conducted at his home were not properly authorized and the Defendants conspired to use false testimony and evidence against him in his State criminal prosecution while withholding exculpatory evidence, all in violation of his Fourth, Fifth, and Fourteenth Amendment rights. *See* Compl. at ¶¶ 92-100, 102-09, 127-142, & 144-54. He also claims that Defendants Darlington, Johnson, Cross, and John or Jane Does violated his rights when they improperly seized Plaintiff's cars and personal effects without judicial authorization, and refused to provide him a mechanism by which he could have such property returned to him. *Id*. at ¶¶ 110-25.

Much of the Complaint concerns evidence that was used during the prosecution of the State charge, which resulted in a conviction upon Plaintiff's guilty plea. The same conduct attributable

to Plaintiff in the State charge served to support the supervised release violation in this Court. Neither of those convictions are alleged to have been overturned on appeal, and any determination of the legality of those aspects of the criminal proceedings in Plaintiff's favor would necessarily undermine the validity of his convictions. Thus, I find that these claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humprhey*, 512 U.S. 477, 486-87 (1994).

Unless and until such convictions are rendered invalid or overturned, Plaintiff cannot maintain a civil rights action for challenges to the evidence procured and/or withheld. As such, I recommend **dismissal** of Plaintiff's First, Second, Fifth, and Sixth Causes of Action insofar as those claims challenge the searches conducted by the police of his apartment and the evidence put forward in his State prosecution.

I come to a different conclusion, however, with regard to Plaintiff's claims for his personal property. A fair reading of the Complaint would compel the conclusion that the personal property at issue, to wit, Plaintiff's two cars, wallet, identification, credit cards, photos, paycheck, and cell phone were likely seized incident to his arrest. However, he claims he never received a voucher or receipt for the seized items and any attempts he's made to seek their return have been apparently ignored. In this regard it appears that Plaintiff may be stating a constitutional procedural due process violation based upon the police retention of his property. *See, e.g., Shaul v. Cherry Valley-*

*Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004) (citing *United States v. David*, 131 F.3d 55, 59 (2d Cir. 1997), for the proposition that a cause of action for procedural due process may exist where a government agency retains lawfully seized property). As the resolution of the due process claim would be independent of, and would not invalidate, the criminal conviction, the *Heck* bar is inapplicable. *Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014) ("Unlike malicious prosecutions, many violations of constitutional rights, even during the criminal process, may be remedied without impugning the validity of a conviction."). Under these facts, and considering the Second Circuit's requirement that I liberally construe a *pro se* pleading, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), I find that this claim is sufficiently pled such that it warrants a response from the Defendants. In so ruling, I express no opinion as to whether Plaintiff's claims can withstand a properly filed dispositive motion. To the extent Plaintiff's claims of conspiracy and municipal liability can be read as stemming from the facts surrounding the seizure of and failure to return his personal effects, then such claims should be allowed to proceed as well.[3]

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's claims relating to his underlying State conviction, and subsequent supervised release violation, be **DISMISSED** as follows:

1) First Cause of Action against Defendants Johnson and Cross regarding the first search conducted at Plaintiff's apartment should be **dismissed**;

2) Second Cause of Action against Defendant Johnson regarding the search warrant obtained

---

[3] The Court makes no ruling nor recommendation at this juncture as to the viability of a municipal liability claim against the Village or the Police Department.

and second search conducted at Plaintiff's apartment by Defendants Johnson, DeLuca, and John or Jane Does should be **dismissed**;

    3) Fifth Cause of Action against Defendants Darlington, Johnson, Cross, and John or Jane Does regarding an overall conspiracy related to the evidence provided and/or withheld during the State criminal proceeding should be **dismissed**; and

    4) Sixth Cause of Action against the Village of Ravena to the extent Plaintiff seeks to hold the municipality liable for the acts/omissions supporting the bases for the Causes of Action noted above; and it is further

**RECOMMENDED**, that Plaintiff's Third and Fourth Cause of Actions against Defendants Darlington, Johnson, Cross, and John or Jane Does, be allowed to go forward insofar as Plaintiff claims these Defendants retained his personal property without providing him with a mechanism by which he could seek its return, and ignored his attempts to have such property returned to him, and Plaintiff's Sixth Cause of Action to the extent it can be read as asserting municipal liability on the part of the Village of Ravena and the Coeyman's Police Department for acts associated with Plaintiff's Third and Fourth Cause of Action; and it is further

**RECOMMENDED**, that if the above recommendations are adopted, that Defendant DeLuca be **DISMISSED** from this action; and it is further

**RECOMMENDED** ,that if the above recommendations are adopted, then the Clerk of the Court should be directed to issues Summonses and forward them, along with copies of the Complaint. to the U.S. Marshal be directed to serve[4] the Complaint upon the remaining Defendants

---

[4] Because Plaintiff was previously granted *in forma pauperis* status, he is entitled to have the U.S. Marshal execute service of process on his behalf. Plaintiff should note, however, that notwithstanding his *in forma pauperis* status, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

and that the Defendants be directed to respond in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: December 16, 2016
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).