UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROSCHEEM GRAY,

                    Plaintiff,

v.                                         1:16-CV-1239
                                               (GTS/DJS)

VILLAGE OF RAVENA; COEYMANS POLICE DEP'T;
GREGORY DARLINGTON, Coeymans Chief of Police;
RYAN JOHNSON, Senior Investigator; JERRY
DELUCA, Senior Investigator; RYAN CROSS, Police
Officer; and JOHN OR JANE DOES, Police Officers,

                    Defendants.
_____

APPEARANCES:

ROSCHEEM GRAY, 15-A-2033
  Plaintiff, *Pro Se*
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, New York 14716

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* civil rights action filed by Roscheem Gray ("Plaintiff") against the Village of Ravenna, Coeymans Police Department and several employees of Coeymans Police Department ("Defendants") alleging Defendants performed illegal searches and presented false testimony and evidence in connection with Plaintiff's 2013 conviction for criminal possession of a controlled substance with intent to sell, is United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's claims relating to his underlying conviction be *sua sponte* dismissed as barred under *Heck* but that Plaintiff's claims pertaining to Defendants' continued retention of his personal property

should remain. (Dkt. No. 6.) Plaintiff has not filed an objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims pertaining to Plaintiff's underlying State conviction are **DISMISSED**:

(1) Plaintiff's First Cause of Action against Defendants Johnson and Cross regarding the first search of Plaintiff's apartment;

(2) Plaintiff's Second Cause of Action against Defendant Johnson regarding the search warrant obtained for the second search of Plaintiff's apartment, and against Defendants Johnson, DeLuca and John or Jane Does for conducting the second

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

search of Plaintiff's apartment;

(3) Plaintiff's Fifth Cause of Action against Defendants Darlington, Johnson, Cross, and John or Jane Does regarding an overall conspiracy related to the evidence provided and/or withheld during the State criminal proceeding;

(4) Plaintiff's Sixth Cause of Action against Defendant Village of Ravena to the extent that Plaintiff seeks to hold the municipality liable for the acts/omissions supporting Plaintiff's First, Second and Fifth Causes of Action; and it is further

**ORDERED** that Defendant DeLuca is **DISMISSED** as a Defendant in this action; and it is further

**ORDERED** that Plaintiff's Third and Fourth Causes of Action against Defendants Darlington, Johnson, Cross, and John or Jane Does remain **PENDING** to the extent that they claim that these Defendants retained Plaintiff's personal property without providing him with a mechanism by which he could seek its return, and ignored his attempts to have such property returned to him; and it is further

**ORDERED** that Plaintiff's Sixth Cause of Action remain **PENDING** to the extent that it asserts a claim for municipal liability against Defendant Village of Ravena and Defendant Coeymans Police Department for acts associated with Plaintiff's Third and Fourth Causes of Action; and it is further

**ORDERED** that the Clerk of Court shall issue Summonses and forward them, along with copies of the Complaint, to the U.S. Marshals Service for service upon Defendants Village of Ravena, Coeymans Police Department, Gregory Darlington, Ryan Johnson, Ryan Cross and John

or Jane Does, and that Defendants shall respond to the Complaint in accordance with the Federal Rules of Civil Procedure.

Dated: January 27, 2017
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge