UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROSCHEEM GRAY,

                        Plaintiff,

v.                                                                   1:16-CV-1239
                                                                      (GTS/DJS)

VILLAGE OF RAVENA; COEYMANS
POLICE DEPARTMENT; GREGORY
DARLINGTON, Chief of Police; RYAN
JOHNSON, Senior Investigator; RYAN
CROSS, Police Officer; and JOHN OR JANE
DOES, Police Officers,

                        Defendants.
_____

APPEARANCES:                                                   OF COUNSEL:

ROSCHEEM GRAY
  Plaintiff, *Pro Se*
78 Hop-O-Nose
Catskill, NY 12414

OFFICE OF TREVOR W. HANNIGAN                      TREVOR W. HANNIGAN, ESQ.
  Counsel for Defendant Village of Ravena
311 State Street
Albany, NY 12210

MURPHY BURNS, LLP                                         THOMAS K. MURPHY, ESQ.
  Counsel for Other Defendants
407 Albany Shaker Road
Loudonville, NY 12211

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this civil rights action filed by Roscheem Gray ("Plaintiff")

against the Village of Ravena, the Coeymans Police Department, Gregory Darlington, Ryan

Johnson, Ryan Cross, and John or Jane Does ("Defendants"), is Defendant Village of Ravena's

motion to dismiss Plaintiff's claim against it. (Dkt. No. 21.) For the reasons set forth below, Defendant Village of Ravena's motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Generally, the following three claims remain pending in this action following the Court's Decision and Order of January 27, 2017. (Dkt. No. 8 [Decision & Order, 1/27/2017].)

First, the Complaint claims that Defendant Darlington unlawfully seized Plaintiff's car keys and his car by taking the keys and driving away in the car without Plaintiff's consent; the Complaint also claims that, in the act of seizing the car, Defendant Darlington seized property contained in the car, including Plaintiff's wallet, identification, credit cards, personal photographs, paycheck, and cellular telephone. (Dkt. No. 1, at 12 [Pl.'s Compl.].)

Second, the Complaint claims that Defendants Darlington, Johnson, Cross, and John/Jane Does violated his due process rights by (a) not telling him where his car was taken, (b) refusing to return his personal property when requested, (c) failing to provide vouchers or receipts for the seized property, (d) failing to provide him with notice or opportunity to seek a return of the seized property, and (e) ignoring requests from Plaintiff and his attorney that the seized property be returned. (*Id.* at 12-13.)

Third, the Complaint claims that Defendant Village of Ravena is liable for the unconstitutional acts of the other Defendants under a theory of municipal liability because (a) it was aware that the officers had previously committed similar acts and that they had a propensity for committing unconstitutional acts, (b) it was deliberately indifferent in failing to take remedial action, (c) it failed and neglected to properly train, retrain, supervise, discipline, and monitor officers, and (d) Defendant Darlington, as Chief of Police for the Coeymans Police Department,

2

was responsible for making policies under State law and was personally involved in the aforementioned unconstitutional conduct. (*Id.* at 15-16.) The Complaint also alleges that Defendant Village of Ravena does not have a suitable procedure for citizen complaints against the police department because all complaints are handled by the Chief of Police. (*Id.*)

### B. Parties' Briefing on Defendant Village of Ravena's Motion to Dismiss

#### 1. Defendant Village of Ravena's Memorandum of Law

Generally, in support of its motion to dismiss, Defendant Village of Ravena makes four arguments. (Dkt. No. 21, Attach. 1, at 8-12 [Def.'s Mem. of Law].) First, Defendant Village of Ravena argues that Plaintiff's Complaint was filed after the statute of limitations had expired and is therefore not timely. (*Id.* at 8-9.) Specifically, Defendant Village of Ravena argues that the statute of limitations for a claim pursuant to 42 U.S.C. § 1983 in New York is three years, and that, although Plaintiff alleges acts occurring on October 11, 2013, the Complaint was not filed until on or about October 13, 2016, and Plaintiff has not alleged any continuing violation or a sufficient basis to warrant the application of tolling. (*Id.*)

Second, Defendant Village of Ravena argues that Plaintiff's claim is legally insufficient because he was convicted of the crimes underlying the Complaint, but has not demonstrated that his conviction has been overturned, vacated, or commuted. (*Id.* at 9.)

Third, Defendant Village of Ravena argues that Plaintiff failed to serve the summons and Complaint in a timely manner. (*Id.*) More specifically, Defendant Village of Ravena argues that, although Plaintiff filed the Complaint on or about October 13, 2016, the Village of Ravena did not receive the summons and Complaint from the United States Marshal until November 3, 2017 (more than a year later), and that there was no extension of time sought and no good cause or excusable neglect for failing to serve Defendant Village of Ravena in a timely manner. (*Id.*)

Fourth, Defendant Village of Ravena argues that it is not responsible for the acts of the Coeymans Police Department and that supervisory liability is insufficiently pled. (*Id.* at 10-12.) More specifically, Defendant Village of Ravena argues that Plaintiff's allegations are merely boilerplate recitations of the legal standard without any supporting facts, particularly facts substantiating the allegations that Defendant Village of Ravena was aware of similar acts by the police department or specifying what those similar acts were. (*Id.* at 11.) Defendant Village of Ravena also argues that it does not have any responsibility for Plaintiff's property because such property would have been transferred to the Superior Court when the case was transferred to the Superior Court. (*Id.* at 11-12.)

### 2. Plaintiff's February 26, 2018, Letter

To date, Plaintiff has not filed a memorandum of law in opposition to Defendant Village of Ravena's motion to dismiss. (*See generally* Docket Sheet.) However, on February 26, 2018, Plaintiff filed a letter with the Court (a) requesting an extension of time to respond to "any defendants motions" due to difficulty with researching case law, (b) seeking to withdraw his claim against the Village of Ravena, "[a]s directed by an attorney," (c) seeking to amend his Complaint to include as a defendant the Town of Coeymans, and (d) requesting that the Court appoint counsel to assist him on his case. (Dkt. No. 24.)

On February 28, 2018, the Court issued a Text Order in which it granted this letter-request in part and denied it in part. (Dkt. No. 25 [Text Order filed 2/28/2018].) Regarding Plaintiff's request for an extension of time to respond, the Court extended Plaintiff's response deadline to April 2, 2018. (*Id.*) Regarding Plaintiff's statement that he wished to withdraw his claim against Defendant Village of Ravena, the Court advised Plaintiff as to how he could

4

withdraw those claims without an Order of the Court. (*Id.*) Regarding Plaintiff's request to amend the Complaint, the Court advised Plaintiff as to how he could effectuate such an amendment. (*Id.*) Lastly, regarding Plaintiff's request for appointment of an attorney, the Court denied that request without prejudice. (*Id.*)

To date, Plaintiff has filed no further submissions. (*See generally* Docket Sheet.)

## II. GENERAL LEGAL STANDARD

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has

held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an

actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a]

## III. ANALYSIS

### A. Whether Plaintiff's Complaint Was Untimely

After careful consideration, the Court answers this question in the negative for the following reasons.

As Defendant Village of Ravena argues, "[t]he statute of limitations applicable to § 1983 claims in New York is three years." *Pulte Homes of New York LLC v. Town of Carmel*, 17-3747, 2018 WL 2750282, at *1 (2d Cir. June 8, 2018) (citing *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 [2d Cir. 2004]). However, although the statute of limitations is determined by state law, "federal law determines when a federal claim accrues." *Pulte Homes of New York LLC*, 2018 WL 2750282, at *1 (quoting *Connolly v. McCall*, 254 F.3d 36, 41 [2d Cir. 2001]). "'Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury that is the basis of the action.'" *Pulte Homes of New York LLC*, 2018 WL 2750282, at *1 (quoting *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 [2d Cir. 2003]).

Defendant Village of Ravena argues that Plaintiff's claims accrued on October 11, 2013, the date on which the conduct alleged occurred. (Dkt. No. 21, Attach. 1, at 5, 8-9 [Def.'s Mem. of Law].) In his Complaint, Plaintiff alleges that, on October 11, 2013, Defendants (a) initiated a traffic stop of a vehicle driven by Desember Busch, (b) went with Ms. Busch back to the apartment that she shares with Plaintiff, (c) searched the apartment after it was discovered that Ms. Busch did not have a valid prescription for the pills found in her car, during which they found a digital scale and cocaine, (d) executed a search warrant application, which was issued that afternoon, (e) conducted another search of the apartment and seizure of items found, (f)

---

defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

arrested Plaintiff and transported him to Ravena, New York and the Coeymans Police Station, (g) seized his car and the personal items contained therein, (h) questioned Plaintiff, and (i) refused to return his personal property, provide him with a receipt for that property, or tell him where his vehicle was. (Dkt. No. 1, at 2-5 [Pl.'s Compl.].)

As described above in Part I.A. of this Decision and Order, Plaintiff's First claim arises from Defendant Darlington's alleged seizure of his car and related property, and his Second claim arises from Defendants' alleged failure to inform Plaintiff where his property was being held or return it to him. (Dkt. No. 1, at 12-13 [Pl.'s Compl.].) Based on Plaintiff's Complaint, the Court agrees with Defendant Village of Ravena that Plaintiff knew or had reason to know of the actions underlying both of these claims as of October 11, 2013, the day that they occurred; October 11, 2013, is therefore the date that Plaintiff's claims under 42 U.S.C. § 1983 accrued. Plaintiff's Complaint was stamped received by the Court on October 13, 2016, three years and two days after that accrual date. (*See generally* Dkt. No. 1 [Pl.'s Compl.].)

However, Plaintiff was incarcerated in a state correctional facility from October 2014, until his release on March 16, 2017; therefore, Plaintiff was incarcerated at the time the Complaint was filed. (Dkt. No. 1, Attach. 3; Dkt. No. 11; Dkt. No. 21, Attach. 4.) Given Plaintiff's status as an inmate, the Court must consider the impact of the "Prison Mailbox Rule," which provides that a *pro se* complaint submitted by a prisoner is deemed to have been filed for the purposes of the statute of limitations at the time it was delivered to prison authorities for forwarding to the court clerk. *Johnson v. Schiff*, 11-CV-0531, 2013 WL 5465978, at *7 (N.D.N.Y. Sept. 10, 2013) (Dancks, M.J.) (citing *Houston v. Lack*, 487 U.S. 266, 276 [1988]) *adopted by* 2013 WL 6528860 (N.D.N.Y. Dec. 12, 2013) (D'Agostino, J.).

Plaintiff's Complaint is dated September 14, 2016, which is well before the end of the statute of limitations period. (Dkt. No. 1, at 16 [Pl.'s Comp.].) More importantly, the envelope in which the Complaint was mailed to the Court indicates that it was mailed on October 11, 2016, indicating that prison officials were in possession of Plaintiff's Complaint before the end of the statute of limitations period. (Dkt. No. 1, Attach. 3.) Based on this evidence, the Court finds that the Complaint was timely filed under the Prison Mailbox Rule notwithstanding that it was not received by the Court until October 13, 2016.

For the above reasons, the Court denies Defendant Village of Ravena's motion to dismiss based on failure to file the Complaint within the statute of limitations.

### B. Whether Plaintiff's Claim Is Barred by *Heck v. Humphrey*

After careful consideration, the Court answers this question in the negative.

Defendant Village of Ravena argues that Plaintiff's claims against it pursuant to 42 U.S.C. § 1983 are barred by the principle of *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court stated that "in order to recover damages . . . for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486. The Supreme Court further elaborated that, in analyzing whether the claim is sufficiently related to the conviction or sentence, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.*

Defendant Village of Ravena's argument regarding *Heck* is misplaced. The Court previously dismissed three of Plaintiff's other claims based on *Heck*, yet found that "Plaintiff's claims pertaining to Defendants' continued retention of his personal property should remain." (Dkt. No. 8, at 1-2 [Decision and Order, 1/27/2017].) The Court has therefore already considered and rendered a decision on this issue; Defendant Village of Ravena presents no reasons why that decision should be reconsidered.

### C. Whether Plaintiff's Service of the Summons and Complaint Was Untimely

After carefully consideration, the Court answers this question in the negative. On October 31, 2017, the Court issued a Text Order stating that it was *sua sponte* extending the time period for service of the Complaint to multiple Defendants (including the Village of Ravena) for an additional 90 days from the date of that Order due to Plaintiff's previous failure to provide the necessary service forms to the U.S. Marshals Service. (Dkt. No. 14 [Text Order filed 10/31/2017].) The docket reflects that an acknowledgment of service was filed on December 7, 2017, with the acknowledgment indicating that the Village of Ravena had been served the summons and Complaint on November 30, 2017. (Dkt. No. 16, at 1-2.) Defendant Village of Ravena acknowledges that the U.S. Marshal mailed a copy of the summons and Complaint to it "on or about November 3 [sic], 2017," and does not otherwise argue that service was improper or defective. (Dkt. No. 21, Attach. 1, at 7, 9 [Def.'s Mem. of Law].) Because the available evidence shows that the summons and Complaint were therefore served within the time period allowed by the Court's Order, Defendant Village of Ravena is not entitled to dismissal of Plaintiff's claims on this basis.

### D. Whether Plaintiff Has Alleged Facts Plausibly Suggesting Municipal Liability Against the Village of Ravena

After careful consideration, the Court answers this question in the negative for the reasons stated in Defendant Village of Ravena's memorandum of law. (Dkt. No. 21, Attach. 1, at 10-12 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

As an initial matter, although the Court notes that Plaintiff has expressed a desire to discontinue his claim against Defendant Village of Ravena, he has not complied with any of the procedures to formally discontinue those claims that the Court had informed him of in a previous Text Order. (Dkt. Nos. 24, 25.) Without a formal notice of voluntary dismissal, Defendant Village of Ravena remains a party to this action. The Court therefore must discuss the substance of Defendant Village of Ravena's motion to dismiss.

A municipality cannot be held vicariously liable under 42 U.S.C. § 1983 for the actions of an employee. *See Kiernan v. Town of Southampton*, 17-0212, 2018 WL 2251633, at *5 (2d Cir. May 17, 2018) ("The Town's liability therefore cannot be based on a theory of *respondeat superior* stemming from Wilson's actions as Chief of Police.") (citing *Goldberg v. Town of Rocky Hill*, 973 F.2d 70, 72 [2d Cir. 1992]). Rather, the municipality must have implemented or executed "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" that caused the alleged constitutional injury. *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 124-25 (2d Cir. 2004) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 [1978].) This includes where the municipality causes a constitutional policy to be applied in an unconstitutional manner, where the municipality fails to adequately train employees in applying the policy in a constitutional manner, where the action was taken or authorized by one of the municipality's authorized policymaker or an authorized policy maker

approved a subordinates decision and the basis for it, or where the municipality or an authorized policymaker was aware of a subordinate's unconstitutional actions and was deliberately indifferent to those actions. *Amnesty Am.*, 361 F.3d at 125-26.

Plaintiff's Complaint alleges that Defendant Village of Ravena is subject to municipal liability for the following reasons: (1) it was aware that Defendant Darlington and the officers of Defendant Coeymans Police Department "had previously committed similar acts" to those alleged in the Complaint and had a propensity for unconstitutional conduct, but expressed deliberate indifference by failing to take remedial action, including failing to adequately investigate past complaints against the Defendants; (2) it failed to properly train, retrain, supervise, discipline, and monitor Defendant Darlington and the officers of Defendant Coeymans Police Department; (3) Defendant Darlington, as Chief of Police of the Coeymans Police Department, is responsible under state law for making policy and personally participated in the unconstitutional conduct; and (4) it does not have a suitable procedure for citizens to file complaints and seek redress for police misconduct because all complaints are handled by the Chief of Police for the Coeymans Police Department. (Dkt. No. 1, at 15-16 [Pl.'s Compl.].)

The Court agrees with Defendant Village of Ravena that these allegations are vague assertions and/or legal conclusions that do not contain sufficient factual information to plausibly state a claim upon which relief can be granted. For example, Plaintiff's allegation that similar unconstitutional conduct had occurred in the past (of which Defendant Village of Ravena was deliberately indifferent), does not contain even the most basic facts. Although the pleading standard is liberal, as noted above in Part II of this Decision and Order, a pleading that merely "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.

Ct. at 1949. Similarly, although Plaintiff alleges that Defendant Village of Ravena caused the alleged constitutional violation through a policy, practice, or custom, he fails to provide any factual allegations as to what that policy, practice, or custom is. (Dkt. No. 1, at 15 [Pl.'s Compl.].) Such threadbare recitals of the elements of a cause of action are not sufficient to establish a plausible cause of action. *Iqbal*, 129 S. Ct. at 1949.

As to Plaintiff's allegations based on Defendant Village of Ravena's supervision or training of Defendant Darlington and Defendant Coeymans Police Department, Plaintiff has not included any factual allegations plausibly suggesting that Defendant Village of Ravena even has authority over those Defendants. Because Plaintiff has not plausibly alleged that Defendant Village of Ravena exercised any control or supervisory authority over Defendant Darlington and Defendant Coeymans Police Department, or that Defendant Darlington had policymaking authority specifically on behalf of the Village of Ravena, Plaintiff has not alleged facts plausibly suggesting that Defendant Village of Ravena should be subject to municipal liability for the actions of the other Defendants.

Based on the above, the Court grants Defendant Village of Ravena's motion to dismiss.

**ACCORDINGLY**, it is

**ORDERED** that Defendant Village of Ravena's motion to dismiss (Dkt. No. 21) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff's claim against Defendant Village of Ravena is **<u>DISMISSED</u>**.

Dated: August 14, 2018
      Syracuse, New York

                                      Hon. Glenn T. Suddaby
                                      Chief U.S. District Judge